IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VALERIE LEIGH TAPLEY                                                                PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:08-cv-220 HTW-LRA

MISSISSIPPI AUTHORITY FOR
EDUCATIONAL TELEVISION doing business
as MISSISSIPPI PUBLIC BROADCASTING
AND TERESA COLLIER, in her official and
individual capacities, AND MARIE ANTOON,
in her official and individual capacities                                          DEFENDANTS

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR SUMMARY JUDGMENT**

This is an employment discrimination suit. Plaintiff Valerie Leigh Tapley, a white female, alleges under multiple federal causes of action and under one state law cause of action that her former employer, defendant Mississippi Authority for Educational Television ("MAET"), doing business as Mississippi Public Broadcasting ("MPB"), and two MPB employees - defendants Teresa Collier and Marie Antoon – violated her constitutional and employment rights. The focus of this is on political activity. Tapley asserts that MPB forced her to resign because of its dissatisfaction with her involvement with the organization known as the Citizens for Better Representation which encouraged whites to vote against an African-American Congressional candidate whom MPB viewed favorably.

Before the court is a motion for summary judgment [doc. no. 29] filed by the defendants MPB, Collier and Antoon. Having reviewed the relevant law and the parties'

submissions and considered the parties' arguments during oral argument, this court grants denies the defendants' motion for the reasons herein.

## I. Background

Valerie Leigh Tapley began her employment with MPB on July 17, 2006, as a Senior Producer/Director. (Notice of Appointment Letter). Tapley asserts that in September 2006, Teresa Collier, MPB's News and Public Affairs Director and Tapley's supervisor, aggressively confronted Tapley regarding her involvement with a political action committee known as Citizens for Better Representation. (Tapley Deposition, pp. 42-53). Tapley had served as the spokesperson for this group, which campaigned against the re-election of United States Congressman Bennie Thompson during the 2006 Congressional reelection.[1] *Id.* Tapley claims Collier told her that if her involvement with this group continued, "it would be bad" for Tapley. *Id.*

On March 5, 2007, Tapley met with Collier and Jay Woods, MPB Human Resources Director[2] in Collier's office. (Tapley Deposition, pp.76-83; Teresa Collier Affidavit; Jay Woods Affidavit). During this meeting, Tapley was informed that she was not meeting the performance standards required by her position as a member of the News and Public Affairs Department.[3] Woods discussed with Tapley the option of resignation in lieu of termination. (Tapley deposition, pp.77-83). On that same day,

---

[1] According to Tapley, while Citizens for Better Representation did not support a particular candidate that was running against Thompson, "[they] hoped [their] efforts would help whomever was opposing Congressman Thompson." (Tapley deposition, p. 48).

[2] Woods held that position until December 10, 2007.

[3] While all parties make this statement in their briefs, neither the briefs, Tapley's deposition, Woods' affidavit, or Collier's affidavit clearly specify who informed Tapley of her performance deficiencies.

2

March 5, 2007, Tapley, Collier, and Marie Antoon, MPB Executive Director, signed Tapley's resignation papers. (Tapley deposition, p.92; Notice of Resignation). Tapley's resignation became effective on April 2, 2007. (Notice of Resignation).

On July 16, 2007, Karen Brown, a white female, was hired to fill the position previously held by Tapley. (Woods affidavit).

On August 15, 2007, Tapley filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on race. On November 27, 2007, the EEOC issued Tapley a notice of right to sue.

On January 22, 2008, Tapley served Antoon, by certified mail, with a notice of claim for damages pursuant to Mississippi Code Annotated § 11-46-11.[4] On January 22, 2008, Tapley filed a complaint in the Circuit Court of Hinds County, Mississippi, against MPB and MAET [doc. 1-3].[5] On February 26, 2008, Tapley filed an amended complaint in the Hinds County Circuit Court [doc. 1-4].

---

[4]Section 11-46-11(1) reads in pertinent part:

> . . . any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

MAET is a state entity, created under Mississippi Code Annotated § 37-63-1, in which the Mississippi legislature "established an agency of state government to be known as the Mississippi authority for educational television which shall have the responsibility for the administration, operation, control and supervision of educational television and radio in Mississippi."

[5]The parties do not raise the issue, but this court notes that plaintiff failed to meet the ninety-day notice requirement in § 11-46-11(1).

On April 7, 2008, MPB and MAET removed the present matter to this court [doc. 1]. On June 4, 2008, Tapley filed a second amended complaint [doc. 8] against MAET doing business as MPB; Teresa Collier, in her official and individual capacities; and Marie Antoon, in her official and individual capacities. Tapley contends that Collier and Antoon used their positions to discriminate and retaliate against her because she was a white former spokesperson of a political action committee that urged other white voters to vote in the Democratic primary, decreasing the chances of defendants' preferred candidate winning. (Second Amended Complaint, ¶¶ 20-21). Tapley also asserts that she was coerced to resign as a result of threats and false information from Woods concerning monetary benefits she would only receive if she resigned. (Tapley deposition, pp.82-83; Second Amended Complaint, ¶ 32).

Tapley brings five claims: count one – race discrimination, conspiracy and retaliation[6] in violation of Title VII, Title 42 U.S.C. § 1981[7] and Title 42 U.S.C. § 1985;[8]

---

[6] Tapley's charge of discrimination does not allege retaliation as a grounds for the charge [doc. 8-2].

[7] Section 1981(a) states:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

[8] Section 1985(3) provides:

If two or more persons in any State or Territory conspire. . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory

count two – constructive discharge; count three – violation of her right to procedural due process under the Fourteenth Amendment of the United States Constitution;[9] count four – negligent failure to train, instruct, and supervise; and count five – violation of her right to free speech under the First Amendment of the United States Constitution.[10] She seeks reinstatement or front pay in lieu of reinstatement, back pay, lost benefits and other pecuniary losses; compensatory damages; punitive damages; costs; interest; and attorney's fees.

## II. Jurisdiction

Title 28 U.S.C. § 1331 states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Tapley's chief claims arise under the Constitution and laws of the United States. Accordingly, this court has federal question jurisdiction of the case *sub judice*. Further,

---

>the equal protection of the laws. . .  if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

>[9]Section 1 of the Fourteenth Amendment reads:

>All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

>[10]The First Amendment states:

>Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

this court has supplemental jurisdiction under Title 28 U.S.C. § 1367[11] over plaintiff's claim brought under state law.

### III. Discussion

**A. Summary Judgment Standard**

>Federal Rule of Civil Procedure 56(a) states:
>
>A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The rule further instructs:

>A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>    (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Rule 56(c)(1). "The court need not consider only the cited materials, but it may consider other materials in the record." Rule 56(c)(3). This court must view the evidence and inferences from the record in the light most favorable to the nonmovant. *Morgan v. Plano Indep. Sch. Dist.*, 589 F.3d 740, 745 (5th Cir. 2009). Conclusory

---

[11]Section 1367 provides in pertinent part:

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001). The moving parties, here the defendants, have the burden of showing that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *See* F.R.C.P. 56(a).

**B. Analysis**

The defendants' summary judgment arguments address four of Tapley's five claims as well as Tapley's request for punitive damages. This court will address each of Tapley's claims in turn and, lastly, address Tapley's request for punitive damages.

**1. Count One - Race Discrimination, Conspiracy and Retaliation in Violation of Title VII, Title 42 U.S.C. § 1981 and Title 42 U.S.C. § 1985**

**a. Title VII – Discrimination and Retaliation**

First, Tapley concedes her claims under Title VII as to the individual defendants. This court has repeatedly rejected any individual liability under Title VII. *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII."). Collier and Antoon cannot be held individually liable under Title VII in either their individual or official capacities. Accordingly, Tapley's Title VII claims of race discrimination and retaliation against those individuals are dismissed.

Still in dispute is Tapley's race discrimination claim against MAET. In order to survive summary judgment in a Title VII employment discrimination action, the plaintiff

must satisfy the burden-shifting test enunciated by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). First, the plaintiff must establish a prima facie case of racial discrimination. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001). After the plaintiff does so, a presumption of discrimination arises, and "the burden of production shifts to the defendant to produce evidence that the plaintiff was rejected. . . for a legitimate, nondiscriminatory reason." *Id.* I f the employer satisfies this burden, the presumption of discrimination dissipates, and the plaintiff must demonstrate that the employer's proffered reason was pretext for discrimination. *Id.*

Plaintiff establishes a prima facie case by showing that (1) she belongs to a protected class; (2) she was qualified for a position from which she was discharged; (3) she was discharged; and (4) after her discharge, the employer replaced plaintiff with a person outside the protected class or others similarly situated were treated more favorably. *Okoye*, 245 F.3d at 512-13.

The parties do not dispute whether Tapley can establish the first three elements of a prima facie case. Defendants argue that Tapley cannot satisfy the fourth element – that MPB replaced her with a member outside her protected class or that another person similarly situated was treated more favorably.

As for whether Tapley was replaced with a member outside her protected class, MPB replaced Tapley, a white female, with Karen Brown, a white female. Thus, Tapley cannot meet the fourth element by showing that MPB replaced her with someone outside her protected class.

As for whether a similarly situated person was treated more favorably, Tapley has submitted an affidavit [doc. 32-2] that states:

> 4. While I was employed with Defendant MPB there was a black female who had a similar position that consistently did not meet MPB's performance standards. Instead of forcing the black female to resign, the Defendant MPB continued to transfer her to different positions in hopes that it could find her a job she could perform. I do not remember the black females (sic) name, but she was referred to as BJ.

In order to show that a similarly situated employee was treated more favorably, a plaintiff must demonstrate that a "similarly situated" employee under "nearly identical" circumstances, was treated differently. *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)." (citation omitted). *Id.* at 406 (citation omitted). Tapley's purported proof of disparate treatment fails to include the allegedly similarly situated person's name, job title, duties, job qualification, dates of employment, transfers or alleged infraction. (Rebuttal, p.3). The information Tapley has provided is simply insufficient to show disparate treatment in satisfaction of the fourth element required in a prima facie case.

Tapley argues that there is another means by which she can meet the fourth element – by showing that she did not violate the work rule alleged. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) ("In work-rule violation cases, a Title VII plaintiff may establish a prima facie case by showing either that he did not violate the rule or that, if he did, white employees who engaged in similar acts were not punished similarly"). All parties agree that MPB's informing Tapley that her alleged failure to meet performance standards was the catalyst which set in motion the activities leading to this lawsuit.

Tapley has submitted an affidavit with her response to defendants' motion for summary judgment [doc. 32-2].  Tapley's affidavit denies that she was not meeting performance standards when she resigned. (¶ 3).  Tapley also suggests in her deposition that she had a good work record at MPB in that she never missed a day of work; was never late for work or getting on or off the air; and was never insubordinate. (Tapley Deposition, p.65).  Further, she received congratulatory remarks from her superiors and comments praising her work ethic.  *Id.*  She stated that she never had any formal performance appraisal reviews. *Id.* at 65-66.

Tapley has established a prima facie case.  The burden shifts to MAET to produce evidence that the plaintiff was terminated for a legitimate, nondiscriminatory reason.  MAET provides no evidence as to what performance standards to which it was holding plaintiff or how plaintiff did not meet MAET performance standards. Accordingly, MAET has failed to meet its burden of production.  Accordingly, this court denies summary judgment as to Tapley's Title VII discrimination claim in relation to MAET.

Defendants do not address Tapley's retaliation claim in their motion for summary judgment.  Therefore, her retaliation claim remains for trial as to MAET.  As abovementioned, the retaliation claim is dismissed as to Collier and Antoon.

### b.  Sections 1981 and 1985

Tapley concedes her claims under §§ 1981 and 1985.  Accordingly, these claims are both dismissed.

**2. Count Two – Constructive Discharge**

Defendants make no argument in their motion or rebuttal concerning Tapley's constructive discharge claim, which alleges "[p]laintiff was coerced and forced to resign based on threats and false information provided to her by the Defendant." (Second Amended Complaint, ¶ 32). Accordingly, this claim, too, remains for trial.

**3. Count Three – Violation of the Right to Procedural Due Process under the Fourteenth Amendment – and Count Five – Violation of the Right to Free Speech under the First Amendment**

Tapley concedes this claim; therefore, it is dismissed.

**4. Count Four – Negligent Failure to Train, Instruct, and Supervise**

Tapley's only state law claim is that of negligent failure to train, instruct, and supervise. The defendants have argued that this claim is subject to dismissal based on immunity pursuant to Mississippi Code Annotated § 11-46-9(1)(d), which states that "[a] governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim. . . [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused." Tapley concedes to the argument that defendants are exempt from liability. Therefore, this claim is dismissed.

**5. Punitive Damages**

The defendants argue that punitive damages are not available to her against governmental entities. The defendants cite Mississippi Code Annotated § 11-46-15(2), which specifically excludes awards of punitive damages against the state. The statute

provides:

> No judgment against a governmental entity or its employee for any act or omission for which immunity is waived under this chapter shall include an award for exemplary or punitive damages or for interest prior to judgment, or an award of attorney's fees unless attorney's fees are specifically authorized by law.

Defendants also direct this court to Title 42 U.S.C. § 1981a(b)(1), which states:

> A complaining party may recover punitive damages under this section against a respondent **(other than a government, government agency or political subdivision)** if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

(emphasis added). A plaintiff may not recover punitive damages under Title VII when the defendant is a government, government agency, or political subdivision. *Liner v. Hosp. Serv. Dist. No 1*, 230 Fed. Appx. 361, 365 (5th Cir. 2007); *Oden v. Oktibbeha County*, 246 F.3d 458, 465 (5th Cir. 2001).

Plaintiff has not responded to defendants' contentions concerning this claim by brief or in oral argument. In accordance with the relevant law, this court dismisses the plaintiff's claim for punitive damages.

## IV. Conclusion

Tapley raises five claims, four of which defendants have challenged in their motion for summary judgment.

As for count one – race discrimination, conspiracy and retaliation in violation of Title VII, Title 42 U.S.C. § 1981 and Title 42 U.S.C. § 1985 – all of these claims are dismissed as to Collier and Antoon. Only the claims of discrimination and retaliation under Title VII against MAET remain.

As for count two – constructive discharge, the defendants did not argue for dismissal of this claim; therefore, this claim remains for trial.

As for count three – violation of the right to procedural due process under the Fourteenth Amendment – and count five – violation of the right to free speech under the First Amendment, this claim is dismissed.

As for count four – negligent failure to train, instruct, and supervise, this claim, too, is dismissed.

Finally, Tapley also seeks punitive damages. This claim is dismissed.

SO ORDERED, this the 6th day of September, 2011.

                                     s/ HENRY T. WINGATE
                                     UNITED STATES DISTRICT JUDGE

Civil Action No. 3:08-cv-220 HTW-LRA
Order Granting in Part and Denying in Part Motion for Summary Judgment